IN THE SUPERIOR COURT OF GUAM
TERRITORY OF GUAM

JONRAY SAN AGUSTIN,                          )
                                             )
                                             )
                              Plaintiff,)          DOMESTIC CASE NO. DM0056-06
                                             )
      vs.                                    )
                                             )          **DECISION AND ORDER**
                                             )
KRYSTAL E.T. CANOVAS, et al.,                )
                                             )
                              Defendant.)
_____

This matter came before the HONORABLE SENIOR JUDGE PRO TEMPORE ELIZABETH BARRETT-ANDERSON, on October 11, 2012, on a request to modify visitation permitting Plaintiff's mother, Ms. Jovyna San Agustin (hereinafter "Grandmother"), to have contact with the minor child of the parties.[1] Plaintiff was not present, and was represented through counsel of record, Atty. John Terlaje. Grandmother was present. Defendant was present and represented by Atty. Daniel Berman. The Court having considered all of the written and oral arguments presented by counsels and Grandmother, as well as relevant documents in the record, the Court hereby **DENIES** the Ex Parte Motion for the following reasons.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, Jonray San Agustin, and Defendant, Krystal E. T. Canovas entered into a Stipulated Judgment for Child Custody and Support on March 9, 2007 for joint legal custody with primary physical custody given to Defendant. Over the course of the agreement the parties have not had a smooth working relationship on the issues of visitation and child support. Grandmother, mother of Plaintiff, filed a collateral action, *Krystal Canovas v. Jonray San Agustin and Jovyna San Agustin,* DM846-10 seeking visitation with her grandchild. On July 5,

---

[1] In Defendant Krystal's Canovas' opposition, Defendant clarifies the Ms. San Agustin in this case is the paternal grandmother to the minor child and Plaintiff's mother. Plaintiff submitted an ex parte motion as to "...why no Order permitting visitation pendent lite between his mother Jovyna San Agustin and the minor child should issue"(emphasis added). This is not Plaintiff's motion. But rather, his mother's motion and brought before the court by Ms. Jovyna San Agustin. Plaintiff was not present at hearing.

2011, the Court issued an order to show cause why the case should not be dismissed. The Court found that the parties had entered a stipulated judgment resolving all issues of custody and support with regard to their minor child. The agreement made no mention of Grandmother. The court dismissed the case on the grounds that any modification of the stipulated custody agreement between the parents of the minor needed to be reviewed by this Court [19 GCA §8404(f)], suggesting further to Grandmother that she move to join or intervene in this matter as a party to the litigation. To date, Grandmother has yet to file a Motion to Intervene or a Motion for Joinder.

On September 30, 2011, Plaintiff's counsel filed an *Ex Parte* Motion for Order to Show Cause; Memorandum of Points and Authorities in Support Thereof, Declaration of Jonray San Augustin, and Declaration in Support Plaintiff's *Ex Parte* Motion for *Pendente Lite* Custody by Grandmother. The motion was set for October 12, 2011, but was reset to November 23, 2011 by the Court due to an asserted jury trial. At hearing Defendant requested a continuance to file a written opposition to the *Ex Parte* application, and to arrange for a hearing via teleconference with the Plaintiff who was off-island on active military duty in the United States Coast Guard since April 20, 2011, which request was granted. The parties agreed to a continuance of the March 23, 2012 hearing, and another request to July 25, 2012, at which time the Court reset the hearing due to a jury trial. The motion was presented on October 11, 2012 at which time the parties stipulated to submit on their briefs.

## II. DISCUSSION

### A. Grandmother Lacks Standing to Seek Relief.

Defendant argues that "the Court should apply the doctrine of standing and real party interest to prohibit this grandmother's motion practice behind the mask of Father's name and right." Def. Krystal Canovas' Opp to Mtn for Order to Show Cause Why Grandmother Shall Not Have Visitation and Custody, July 11, 2012, pg. 6. Grandmother is not a named party in this matter, nor has she properly moved before the Court to join as a party interested.

Standing is a "threshold jurisdictional matter," and can be raised "at any stage of the proceedings, including for the first time on appeal.[2]" Similar to state courts, this Court is not bound by the standing requirements under Article III of the U.S. Constitution.[3] Regardless, the Court has adopted traditional standing requirements.[4] Guam Courts have held that that standing may be based upon common-law standing as governed by Article III, or upon statutory standing as governed by Guam statutory law in line with the practices of our sister states.[5]

The issue here is a procedural one as Grandmother is not a named party in this domestic action. In order to become a named party a person may move to join the matter. Rule 18(a) of the Guam Rules of Civil Procedure governs joinder of claims, providing that "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as the party has against an opposing party." Alternatively, Grandmother could have moved to intervene in this action under GRCP Rule 24(b). GRCP Rule 24(b) provides, "upon timely application, anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law o fact in common." In order to seek relief, she must be properly before the Court. Without such, she is precluded from seeking relief.

**B. There Is No Motion For Change of Custody.**

Grandmother presents several arguments in support of her request for regular visitation of the minor child. Specifically, Grandmother argues that her son, Plaintiff herein, has delegated his visitation rights to her; that it is in the best interests of the child to have daily visitation with her paternal grandparents and paternal great grandmother; and that such

---

[2] *Taitano v. Lujan*, 2005 Guam 26 ¶ 15 (citations omitted).
[3] *Guam Memorial Hospital v. Superior Court*, 2012 WL 6013059 (Guam Terr.)(citing *Benavente*, 2006 Guam 15 ¶ 16 and *Gutierrez v. Pangelinan*, 276 F.3d 539, 544 (9th Cir.2002)).
[4] *Id.* at ¶ 9, citing ("... while we recognize that Guam courts are not bound by Article III standing requirements, we do not reject such principles").
[5] *Id.* at ¶ 18.

assignment should be deemed enforceable under the law because it is in the best interest of the child. Title 19 G.C.A. §8404(h)(5), provides:

> Unless the Court finds that it is not in the best interests of the child, non-custodial parents or the children's grandparents shall be given consideration in providing child-care for their minor child or grandchildren, when visitation orders are prepared.

This is not a case of grandparent rights, nor a facial constitutional challenge to Title 19 G.C.A. §8404(h). Rather, what Grandmother is seeking is "substitute visitation," or what has also been recognized in other jurisdictions as an assignment of visitation rights, in the form of a temporary modification of custody due to military duty, temporary duty, mobilization or deployment. This is currently not a form of relief recognized in Guam, nor in any other jurisdiction to date. The Superior Court of Guam has held that forms of relief recognized in other jurisdictions, not specifically barred by statute, can be awarded. However, given that this relief is in such a state of flux, the proper forum to seek such relief is through the Legislature.

Grandmother argues she should be entitled to visitation during Plaintiff's absence because it is in the child's best interest. Yet, grandparents may not usurp the fundamental rights of parents to make child-rearing decisions.[6] To act otherwise would infringe upon Defendant's due process under the United States Constitution.[7] The purpose of Title 19 G.C.A. §8404(h)(5) is to allow the Court to *consider* providing visitation to grandparents who have stepped in to fill the shoes of an absentee parent, but not to force the hand of parents to cede to the wishes of others in raising their children.

---

[6]. (*Granville v. Troxille 120 S. Ct. 2054, 530 U.S. 57)*, where the court held that it is a fundamental right of parents to make decisions concerning the "care, custody, and control" of their children and that the court must grant parents "special weight" to their child-rearing decisions absent a finding of unfitness.)
[7] *Id.*

The parties herein decided the custodial arrangement that they felt was in the best interest of their child through a Stipulated Judgment for Child Custody and Support on March 9, 2007. This was a mutual agreement, and one made with consideration on both sides. This Court will not hesitate to enforce such agreement, and was so requested by Plaintiff in December of 2010. This Court will not hesitate to hear the parties concerns with regard to the best interest of their minor child through the remainder of the child's minority.

A point crucial to the Court is that there is no motion before the Court for consideration of a change in the custody arrangement stipulated by the parties. Plaintiff submitted his motion framed as a show cause action as to "why no order permitting visitation pendent lite between his mother …and the minor child *should not* issue." (emphasis added by the Court). The double negative is confusing. The question is simply on what basis does Plaintiff suggest that this Court can grant a non-party visitation not agreed to between the parents? The catch phrase is always the "best interest of the child." Best interest of the child is a factual determination. No evidence of unfitness has been argued or presented. Courts allot special weight to child-rearing decisions, rebutted only by a showing of parental unfitness. The fact that the minor child will not enjoy the richness of both sides of her extended families is unfortunate. But it is not sufficient to sustain a "best interest of the child" burden. This matter was submitted on legal briefs and declarations. Plaintiff's Declaration seeks to alter his custodial agreement by substituting his visitation periods for an extended period of time with a designee, non-party, albeit a grandparent. These are matters that cannot be resolved through *ex parte* motion practice, or show cause procedures. There is no request for this Court to make a proper Section 8404 custody determination, and nothing presented to this Court sufficient to consider a change in the March 2007 custodial agreement of the parties.

## CONCLUSION

Plaintiff's Motion is **DENIED,** and the March 2007 stipulated judgment remains in full force and effect, subject only to proper requests for modification before the Court by the natural parents.

**IT IS SO ORDERED** this _11_ day of January, 2013.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Senior Judge Pro Tempore, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JAN 11 2013

Joseph N. Bermba